**SUPERIOR COURT**
OF THE
**STATE OF DELAWARE**

VIVIAN L. MEDINILLA
JUDGE

LEONARD L. WILLIAMS JUSTICE CENTER
500 NORTH KING STREET, SUITE 10400
WILMINGTON, DE 19801-3733
TELEPHONE (302) 255-0626

May 22, 2024

Aaron E. Moore, Esquire
M. Claire McCudden, Esquire
1007 N. Orange Street, Suite 600
P.O. Box 8888
Wilmington, DE 19899

Michael R. Ippoliti, Esquire
1225 N. King Street, Suite 900
Wilmington, DE 19801

> Re: **Felicia Scarangello and Estate of Aletha P. Scarangello v. Mary Culley, Esquire and Morris James LLP**
> **C.A. No. N23C-09-185 VLM**

Counsel:

This is the Court's ruling on Defendants' Motion to Dismiss under Superior Court Civil Rule 12(b)(6). After consideration of all pleadings and oral arguments presented on April 3, 2024, for the reasons stated herein, Defendant's Motion to Dismiss is **DENIED.**

### *Relevant Facts & Procedural History*[1]

---

[1] The recitation of facts is taken mainly from the relevant pleadings, namely Defendants Mary Culley, Esquire and Morris James LLP's Opening Brief in Support of their Motion to Dismiss First Amended Complaint (hereinafter "D.I. 18"), Plaintiffs' Response in Opposition to Defendants' Motion to Dismiss First Amended Complaint (hereinafter "D.I. 22") and Defendants, Mary Culley, Esquire's and Morris James, LLP's Reply Brief in Support of their Motion to Dismiss First Amended Complaint (hereinafter "D.I. 23").

1

Felicia Scarangello ("Felicia"), individually, and on behalf of the Estate of Aletha P. Scarangello (collectively "Plaintiffs") filed legal malpractice claims against Defendants Mary Culley, Esquire ("Culley") and Morris James LLP (collectively "Defendants").[2] Felicia retained Defendants for the purpose of seeking an accounting of various trusts and bank accounts, and to return assets alleged to have been improperly converted by Felicia's brother, Anthony Scarangello, II ("Anthony").[3]

On August 28, 2015, Felicia (via Culley) formally petitioned the Court of Chancery for the Appointment of Guardian of the person and property for her mother, Aletha.[4] Alleging that Anthony had improperly removed assets from Althea's accounts, Felicia requested that the Court remove Anthony in his role as trustee of various trusts and revoke Aletha's power of attorney.[5]

Anthony objected, filed his response, and cross-petitioned Felicia.[6] The parties then filed a Stipulation with the Court of Chancery and the Court appointed Felicia as Guardian of Aletha and interim Guardian of Aletha's property.[7] The effect of the Stipulation, however, terminated discovery as to the allegations against

---

[2] D.I. 18 at 1.

[3] Aletha Scarangello died in January 2020. Aletha was the mother of Plaintiff Felicia and Anthony Scarangello, II ("Anthony"). Prior to Aletha's death, Felicia retained the services of Defendants to address allegations against Anthony. In 2015, Felicia suspected that Anthony had made multiple inappropriate and unauthorized withdrawals of funds belonging to Aletha, or to Aletha and Felicia, from three (3) trusts and various bank accounts. In total, it is estimated that Anthony misappropriated at least $693,418.24 in funds from accounts intended to benefit Aletha and/or Felicia. D.I. 22 at 8, 8 n3.

[4] Plaintiffs assert Culley wrongly advised Felicia regarding the need to first establish a guardianship. They contend the more prudent course of action would have been an action seeking to have Anthony's power of attorney terminated, and to have Felicia appointed as Aletha's sole agent under the power of attorney, which would have remained in effect through Aletha's subsequent incapacitation under the terms of that document. D.I. 22 at 9, 9 n.4.

[5] D.I. 22 at 9–10.

[6] *Id.* at 10.

[7] *Id.* at 10–11.

Anthony's removal as trustee.[8]  On January 18, 2017, (then) Master Zurn—left without proof and an incomplete record—issued a Master's Report that could not recommend Anthony's removal as trustee.[9]

Plaintiffs assert that between this date and the date of Culley's retirement in 2018, Culley should have immediately filed a new action against Anthony.[10]  They further assert Culley acknowledged the existence of a viable claim against Anthony, provided advice that caused needless delay, and failed to file a timely action on Felicia's behalf.[11]

Instead, Felicia learned that Culley retired in late May or early June of 2018, without any notice from either Culley or Morris James.[12]  Felicia then discharged Defendants and retained new counsel.[13]

On June 15, 2018, Felicia filed a second lawsuit in the Court of Chancery.[14]  Upon Anthony's Motion to Dismiss, the Court of Chancery granted dismissal finding that since Anthony's alleged wrongdoings occurred from 2008 through March 2015, Plaintiffs' claims should have been filed on or before March 2018.[15]  Felicia

---

[8] *Id.* at 12.

[9] *Id.* at 11–14.

[10] *Id.* at 14.

[11] Plaintiffs allege that email evidence exists between Culley and Felicia in January and October of 2017 that the Chancery ruling did not preclude further litigation against Anthony, and moreover, that such litigation would need to be pursued by another attorney at Morris James.  Plaintiffs further allege additional delay was caused due to representations by Culley awaiting the conclusion and report of a then pending criminal investigation against Anthony. D.I. 22 at 14–15.

[12] D.I. 22 at 17, 17 n.29.

[13] *Id.*

[14] The allegations include: (1) misappropriation of the Irrevocable Trust Assets, (2) failure to make distribution in Accordance with the terms of the Irrevocable Trust, and (3) misappropriation of Aletha's Assets, and the Assets of the Revocable Trust. D.I. 22 at 18.

[15] The Court of Chancery found that "the allegedly wrongful breaches of fiduciary duty, conversion, and misappropriation occurred from 2008 through March 2015.  This action was filed on June 15, 2018.  Consequently, the statutory period expired for all claims related to the trust assets before Felicia commenced this action. The statutory period expired a few months before the

3

appealed to the Delaware Supreme Court.[16] The Supreme Court affirmed the Chancery decision, finding that the claim against Anthony was untimely filed, pursuant to the doctrine of Laches.[17]

In September of 2020—prior to the Supreme Court's ruling—the parties entered into a tolling agreement; renewed in years 2021 and 2022,[18] wherein they agreed to toll the applicable statute of limitations for claims arising out of Culley's representation.[19] The language provides:

> The essence of this Agreement is that the parties agree that contractual tolling of the applicable statute(s) of limitations for any potential claims against each other is beneficial at this time. Additionally, should the parties so desire, they may entertain potential settlement negotiations during the tolling period. However, the purpose of this Agreement is not to set forth the specific means and methods of the settlement negotiation, but only to provide additional time to the Parties to discuss matters prior to the institution of any litigation.[20]

Unable to reach resolution, on September 21, 2023, Plaintiffs filed their Complaint;[21] amended on December 15, 2023.[22] Plaintiff asserts Culley was negligent in failing to properly and timely file claims against Anthony and protect

---

filing for the most recent claim and expired approximately seven years ago from the oldest claims." D.I. 22 at 19–20.

[16] D.I. 22 at 20.

[17] *Id.*

[18] *See* D.I. 18 Ex. C, Ex. D, and Ex. E.

[19] D.I. 22 at 20–21.

[20] *See* D.I. 18 Ex. C at 1.

[21] D.I. 1.

[22] Plaintiff's First Amended Complaint (hereinafter "D.I. 12").

Felicia's financial interests.[23] In so doing, Plaintiffs assert the alleged malpractice resulted in Felicia's inability to obtain a proper remedy in the Court of Chancery that resulted in significant financial losses to Plaintiffs.[24]

Defendants filed a Motion to Dismiss.[25] The parties submitted full briefing and presented oral arguments on April 3, 2024. The matter is ripe for decision.

### *Standard of Review*

On a Motion to Dismiss for failure to state a claim under Superior Court Civil Rule 12(b)(6), all well-pleaded allegations in the complaint must be accepted as true.[26] Even vague allegations are considered well pled if they give the opposing party notice of a claim.[27] The Court must draw all reasonable inferences in favor of the non-moving party.[28] However, the Court will not "accept conclusory allegations unsupported by specific facts," nor will it "draw unreasonable inferences in favor of the non-moving party."[29] The Court will grant the motion to dismiss "only if it appears with reasonable certainty that the plaintiff could not prove any set of facts that would entitle [the plaintiff] to relief."[30]

---

[23] *Id.* at 19–20.

[24] D.I. 22 at 15, 15 n.25.

[25] D.I. 18. Defendants filed their initial Motion to Dismiss on October 20, 2023 and their initial Opening Brief in Support of Motion to Dismiss on November 11, 2023. In response, Plaintiffs filed their First Amended Complaint on December 5, 2023. Defendants then filed a subsequent Motion to Dismiss Plaintiffs' First Amended Complaint on December 28, 2023.

[26] *Spence v. Funk*, 396 A.2d 967, 968 (Del. 1978).

[27] *In re Gen Motors (Hughes) S'holder Litig.*, 897 A.2d 162, 168 (Del. 2006) (quoting *Savor, Inc. v. F.M.R. Corp.*, 812 A.2d 894, 896–897 (Del. 2002)).

[28] *Id.*

[29] *Price v. E.I. DuPont de Nemours & Co.*, 26 A.3d 162, 166 (Del. 2011) (citation omitted).

[30] *Sliney v. New Castle Cty.*, 2019 WL 7163356, at *1 (Del. Super. Dec. 23, 2019).

### *Parties' Contentions*

Defendants' arguments are two-fold. First, they argue that because Plaintiffs cannot prevail on the underlying claims against Anthony, they cannot establish the requisite elements to establish a legal malpractice action against them. Second, they argue that the initial agreement to toll the statute of limitations was made under false representations. They contend the agreement is voidable, and vitiates any further contractual obligations that may have been agreed upon by the parties.

Plaintiffs argue that dismissal is improper under the Fraudulent Concealment Doctrine, The Continuing Wrong Doctrine, 10 Del. C. § 8106(c), and the three tolling agreements.[31]

### *Discussion*

To succeed on a claim for legal malpractice the plaintiff must establish the following elements: a) the employment of the attorney; b) the attorney's neglect of a professional obligation; and c) resulting loss.[32] To establish the third element, "the plaintiff must demonstrate that the underlying action would have been successful but for the attorney's negligence."[33]

---

[31] Because the tolling agreements are a sufficient basis from which to deny dismissal, the Court need not address Plaintiffs' other arguments.

[32] *Oakes v. Clark*, 69 A.3d 371, 2013 WL 3147313, at *1 (Del. June 18, 2013) (TABLE) (citing *Weaver v. Lukoff*, 511 A.2d 1044, 1986 WL 17121, at *1 (Del. July 1, 1986) (TABLE) (citing *Seiler v. Levitz Furniture Co.*, 367 A.2d 999, 1008 (1976))); *see Lorenzetti v. Enterline*, 44 A.3d 922, 2012 WL 1383186, at *2 (Del. April 18, 2012) (TABLE) (citing *Weaver v. Lukoff*, 511 A.2d 1044, 1986 WL 17121, at *1 (Del. July 1, 1986) (TABLE) (citing *Seiler v. Levitz Furniture Co.*, 367 A.2d 999, 1008 (1976))) ("On a claim of legal malpractice, the plaintiff must establish (i) the employment of the attorney; (ii) the attorney's neglect of a professional obligation, and (iii) resulting loss, i.e., that the underlying action would have been successful but for the attorney's negligence."); *see also Flowers v. Ramunno*, 27 A.3d 551, 2011 WL 3592966, at *2 (Del. Aug. 16, 2011) (TABLE) (citing *Weaver v. Lukoff*, 511 A.2d 1044, 1986 WL 17121, at *1 (Del. July 1, 1986) (TABLE) (citing *Seiler v. Levitz Furniture Co.*, 367 A.2d 999, 1008 (1976))); *see also Rich Realty, Inc. v. Meyerson & O'Neill*, No. CV N13C-06-270 MMJ, 2014 WL 1689966, at *3 (Del. Super. Ct. Apr. 14, 2014), *aff'd sub nom. Rich Realty, Inc. v. Meyerson & O'Neill, Shelsby & Leoni, P.A.*, 103 A.3d 515 (Del. 2014) (citing *Farmers Bank of Willards v. Becker*, No. CIV.A.S09C-11016 MMJ, 2011 WL 3925428, at *3 (Del. Super. Ct. Aug. 19, 2011)).

[33] *Oakes*, 2013 WL 3147313, at *1; *see Flowers*, 2011 WL 3592966, at *2; *see also Rich Realty, Inc. v. Meyerson & O'Neill*, 2014 WL 1689966, at *3.

First, Defendants argue that Plaintiffs cannot prevail on their legal malpractice claims arising from Anthony's wrongful conduct because those claims have been declared time barred. Therefore, Plaintiffs cannot establish that the underlying would have been successful but for the attorney's negligence. Not necessarily.

It appears that the focus of the professional relationship between the parties was intended to remove Anthony from his role as trustee. Anthony's alleged wrongful breaches of fiduciary duty, conversion and misappropriation occurred from 2008 through March 2015.

Culley was retained in 2015. Plaintiffs allege that from the beginning of the representation, Culley sought an improper remedy that failed to address Anthony's wrongdoing. More specifically, the bases of certain allegations against Defendants stem from Culley's actions or inactions between a specific (and critical) timeframe— between January of 2017 and March of 2018. The former represents the date of the Master Report that did not remove Anthony as a trustee. The latter represents the expiration of the SOL date to file any further claims against him.

In January of 2017, the Court of Chancery made clear that the Stipulation left no proof and an incomplete record that precluded Anthony's removal. Plaintiffs assert Culley's advice was faulty and misguided, and failed to fully protect Plaintiffs' interests. Following the pronouncement that Anthony could not be removed as trustee, Plaintiffs again sufficiently plead that Culley acknowledged that other claims could have been lodged against him—presumably on or before March of 2018—and that their underlying claim was unsuccessful due to Culley's alleged negligence.[34] These assertions are coupled with Defendants' failure to provide notice as to the SOL date and Culley's retirement. Under Rule 12(b)(6), in viewing facts in the light most favorable to non-moving party, Plaintiffs survive dismissal.

Defendants further rely on a single sentence within the Tolling Agreement that reads: "This agreement shall not become effective, however, until an authorized

---

[34] Plaintiffs have pled in their Amended Complaint that Defendants deviated from the applicable standard of care by *inter alia*: 1) rendering faulty and misguided advice in connection with their legal representation; 2) failing to timely take appropriate action on Plaintiffs' behalf; 3) concealing and failing to disclose to Plaintiffs appropriate and applicable timeliness and statute of limitation issues; and 4) failing to take action timely, resulting in dismissal of Plaintiffs' claims due to Laches. D.I. 22 at 25–26.

signature is provided on behalf of all the Parties."[35]  They contend they were led to believe that Felicia was the Administrator for the Estate of Aletha Scarangello when Aletha's Estate did not exist at the time of the First Tolling Agreement.[36] Accordingly, they argue Felicia's designation as Administrator was false when they entered into the first agreement and makes the tolling agreements voidable.

Under Rule 12(b)(6), dismissal would only be appropriate if it appeared with reasonable certainty that the Plaintiffs could not prove any set of facts that would entitle them to relief.  Here, Plaintiffs discharged Defendants in 2018 when Felicia learned of Culley's retirement.  Defendants concede they entered into the tolling agreements beginning in 2019 to avoid the potential negative publicity that would result through litigation and postpone civil proceedings against them.  Continuing to enter into these agreements, Defendants proceeded as if Felicia was indeed authorized to negotiate, file, and act on behalf of the Estate. To argue that the contractual language is meaningless runs counter to the very intent of the agreements and its promises made.  Dismissal at this juncture is improper.

For these reasons, Defendants' Motion to Dismiss is **DENIED**.

/s/ Vivian L. Medinilla
Vivian L. Medinilla
Judge

---

[35] *See* D.I. 18 Ex. C at ¶ 8.

[36] *See* D.I. 18 Ex. B (showing Aletha's Estate opened on June 24, 2022).